IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,884-02






EX PARTE VINCENT DAVID REVILL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NUMBER 25822-B

IN THE 3RD JUDICIAL DISTRICT COURT

FROM ANDERSON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of manufacture of a controlled substance, and punishment was assessed at
forty-five (45) years' confinement. Applicant's conviction was affirmed on appeal. Revill
v. State, No. 12-02-00197-CR (Tex. App. -- Tyler, delivered June 23, 2004, pet. ref'd).

 Applicant contends that he received ineffective assistance of counsel at the guilt-innocence and punishment phases of trial. Specifically, he contends that at the guilt-innocence phase, counsel: failed to make an opening statement; failed to object to the
introduction of evidence that Applicant owned guns and bomb-related materials; failed to
challenge the credibility of an informant, Robert Frazier, who testified to Applicant's prior
drug dealings; failed to impeach the testimony of Robert Thompson concerning Applicant's
involvement in a plot to kill the police chief; opened the door to otherwise inadmissible
evidence of extraneous offenses, including a plot to kill the police chief; and failed to request
an instruction on the standard of proof required for admitting extraneous offenses. 
Additionally, he contends that at the punishment phase, counsel opened the door to evidence
of: Applicant's invocation of his right to remain silent, the existence of a federal search
warrant, a hoax bomb call to the courthouse, Applicant's involvement in a plot to kill the
police chief, and Applicant's possession of a machine gun; and failed to cross-examine
Robert Thompson about allegations that Applicant had conspired to commit capital murder.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts which, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from defense counsel, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection and court records.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether, at the guilt-innocence phase, counsel: failed to make an opening statement, and
if so, why; failed to object to the introduction of evidence that Applicant owned guns and
bomb-related materials, and if so, why; failed to challenge the credibility of Robert Frazier,
and if so, why; failed to impeach the testimony of Robert Thompson, and if so, why; opened
the door to otherwise inadmissible evidence of extraneous offenses, and if so, why; and failed
to request an instruction on the standard of proof required for admitting extraneous offenses,
and if so, why. If the court finds that counsel's performance was deficient, the court shall
make findings as to whether counsel's performance prejudiced Applicant. Additionally, the
trial court shall make findings of fact as to whether, at the punishment phase, counsel opened
the door to evidence of: Applicant's invocation of his right to remain silent, the existence of
a federal search warrant, a hoax bomb call to the courthouse, Applicant's involvement in a
plot to kill the police chief, and Applicant's possession of a machine gun; and failed to cross-examine Robert Thompson about allegations that Applicant had conspired to commit capital
murder. If the trial court finds that counsel did act as alleged, the court shall make findings
as to why counsel so acted. If the court finds that counsel's performance was deficient, the
court shall make findings as to whether counsel's performance prejudiced Applicant. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including excerpts of the trial transcript, affidavits from
counsel, and any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3RD DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.